UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN PEDRO CAAL COC,
A-221-486-285,

           Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

           Respondent.

No.  1:26-cv-2387-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with appointed counsel, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See ECF No. 8. Respondent filed an answer. See ECF No. 12.

## I. BACKGROUND

Petitioner contends he was placed in immigration detention following a routine traffic stop since December 16, 2025. See ECF No. 8, pgs. 5 and 19. According to Petitioner, he has lived in the United States since December 2005. See ECF No. 13-1, pg. 1.  Petitioner concedes he has one misdemeanor conviction from 2016 but he completed his probation sentence successfully and has had no other interactions with the criminal justice system. See id. at 1-2.

1

Petitioner asserts that he lives in Florida with his wife and three children, two of whom are U.S. citizens, who rely on Petitioner. See ECF No. 8, pg. 19. Petitioner contends that since he has been in detention, he was "assaulted by two other inmates," and "dealing with PTSD, Anxiety, and depression . . ." Id.

Petitioner asserts that his detention violates his due process rights because it is unreasonably prolonged and he has not been afforded an individualized bond hearing. See id. at 8-13. Petitioner argues that, if Respondent is ordered to provide him a bond hearing, the burden of proof should be on the government to justify Petitioner's ongoing detention and alternatives to detention must be considered. See id. at 14-16. Petitioner contends that he is entitled to a bond hearing because his detention is governed by § 1226(a), not § 1225(b). ECF No. 13-1, pg. 3. Petitioner contends he is subject to § 1226(a) because he has been living in the United States since 2005, when he entered without inspection, and he has no criminal convictions which would subject him to mandatory detention pursuant to § 1226(c). See id. at 3-4. Next, Petitioner asserts that the conditions of his confinement, that he was physically assaulted in March 2026 while in detention, "underscores the concrete and ongoing harms flowing from Petitioner's continued detention without constitutionally adequate process." Id. at 10.

Respondent argues "the Petition should be denied because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)." ECF No. 12, pg. 1. Respondent contends that Petitioner's detention is not prolonged and because Petitioner is subject to mandatory detention, he is ineligible for parole. See id. at 3. Respondent argues that mandatory detention under § 1225(b) is constitutional as applied to Petitioner and Petitioner therefore "has no procedural due process right to a bond hearing on whether he is a flight risk or danger to the community." Id. at 7. Next, Respondent contends that "Petitioner does not have a substantive due process right to a bond hearing," because Petitioner's detention "does not implicate any fundamental rights," relying on the Supreme Court's holding in Demore that detention pursuant to § 1226(c) "'necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed'" Id. at 8 (quoting Demore v. Kim, 538 U.S.

2

510, 528 (2003). Finally, Respondent contends that, if the Court were to provide Petitioner relief, the appropriate relief is a bond hearing where the burden of proof is on Petitioner to establish he is not a flight risk or danger and any order should not enjoin the government from removing Petitioner in the future. Id. at 9-11.

## II. DISCUSSION

The undersigned finds Petitioner, who has been living in the United States for over 20 years, is subject to § 1226(a) and that Respondents violated Petitioner's rights both when he was arrested absent a warrant issued by the Attorney General and by virtue of Respondent's denial of a bond hearing for Petitioner. Thus, the undersigned will recommend the petition be granted and Respondents be ordered to immediately release Petitioner.

### A.    Applicable Statute

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the Government has broad discretion whether to release or detain the individual. Id. Further, § 1226(a) provides several layers of review for an initial custody determination. Id. It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

This Court, and many others, have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. See Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position); Zapata v. Kaiser, 801 F. Supp. 3d 919, 2025 WL 2741654, at *10 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 U.S. Dist. LEXIS 179594, 2025 WL 2637503, at *8)

(collecting cases). Thus, courts have determined that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. Cruz v. Noem, No. 1:26-cv-01818-DC-EFB (HC), 2026 U.S. Dist. LEXIS 71893, *8-9 (E.D. Cal. April 1, 2026) (collecting cases).

The undersigned acknowledges the recent decisions by the Fifth and Eighth Circuit Courts of Appeals in support of their argument that Petitioner is subject to § 1225(b). However, other Circuit Courts have held differently, and the Ninth Circuit has yet to address the issue. The Seventh Circuit Court of Appeals concluded that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)." Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025). Similarly, the Second Circuit held that "Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization" and therefore, a noncitizen who "is not requesting lawful entry into the United States" is subject to Section 1226, given the use of the term "an alien," which has a broader application. Da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026). Further, the Sixth Circuit found that "'§ 1225(a) applies to aliens already present in the United States,'" given the text of the statute, canon against surplusage, and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have lived within the United States for years. Lopez-Campos v. Raycraft, 2026 LX 250200, at *31-31 and *15 (6th Cir. May 11, 2026) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018))

Following and adopting the reasoning of other courts, the undersigned finds Petitioner is not actively "seeking admission" because he has been living in the United States for years. See Castañon-Nava, 161 F.4th at 1060-62; Da Cunha, 2026 LX 255042, at *18 and*48-49; Lopez-Campos, 2026 LX 250200, at *31-31 and *15; Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases concluding that § 1225 applies only to noncitizens "seeking admission," a category that does not include noncitizens like Petitioner, living in the interior of the country.). Such determination is further supported by the factual record here because there is no evidence in

4

the record that an immigration officer made the requisite determinations for § 1225(b)(2)(A) to apply – that Petitioner is seeking admission and not clearly and beyond a doubt entitled to be admitted. Thus, given that Petitioner is not "seeking admission," he therefore is not subject to mandatory detention under § 1225(b), but is instead subject to § 1226(a) which entitles Petitioner to the process that statute requires, including a bond hearing at a minimum. Respondents have not provided any hearing to Petitioner either pre- or post-detention.

Further, there is no evidence that Petitioner was arrested "[o]n a warrant issued by the Attorney General," as required by § 1226 (a). Accordingly, Respondents violated the process prescribed by the Immigration and Nationality Act (INA) when detaining Petitioner and improperly subjecting him to mandatory detention without a hearing, and Petitioner is therefore entitled to habeas relief.

**B.      Scope of Relief**

Having found Petitioner is entitled to relief, the undersigned must determine the scope of such relief. In both Labrador-Prado and Tinoco, Judge Coggins found petitioners likely subject to § 1226(a) and ordered the petitioners' immediate release. Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025); Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP (HC), 2025 LX 542980, WL 3567862 (E.D. Cal. Dec. 13, 2025). However, in both cases, petitioners had been released on their own recognizance pursuant to § 1226(a) prior to the detention at issue. Labrador-Prato, 815 F. Supp. 3d at 1117; Tinoco, WL 3567862, at *1.

This Court has additionally ordered immediate release of petitioners who were not previously afforded parole. See Alejo v. Chestnut, No. No. 1:26-cv-01562-DC-EFB (HC), 2026 U.S. Dist. LEXIS 101267 (E.D. Cal. May 7, 2026) (ordering release of noncitizen detained after living in the United States for over thirty years); Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 U.S. Dist. LEXIS 36725, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 U.S. Dist. LEXIS 38009, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years and had an

approved form I-130 alien relative petition); Salazar v. Noem, No. 1:26-cv-00899-DC-SCR, 2026 U.S. Dist. LEXIS 101565 (E.D. Cal. May 7, 2026) (adopting findings and recommendations in part, ordering immediate release of petitioners who had been "living in the United States for, in most cases, over twenty years," without any criminal record, rejecting that a post-detention bond hearing was the appropriate relief); Garcia v. Christopher Chestnut, Warden of the Cal. City Det. Facility, No. 1:26-cv-01933-DC-CSK, 2026 U.S. Dist. LEXIS 100244 (E.D. Cal. May 5, 2026) (same); and Zuniga Cruz v. Noem, No. 1:26-cv-01818-DC-EFB, 2026 U.S. Dist. LEXIS 71893, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); Mayen v. Warden, California City Detention Ctr., No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering petitioner's immediate release as a remedy for failure to issue a warrant prior to detaining petitioner, rejecting respondents' argument that a bond hearing was the proper remedy); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (ordering the petitioner's immediate release after determining petitioner could not be detained pursuant to § 1225(b) and had not been properly detained pursuant to § 1226(a)).

Though Petitioner here has a 2016 misdemeanor battery conviction, Petitioner has no other or more recent criminal history despite living in the United States since 2005. The undersigned finds the reasoning in Martinez-Bonilla instructive. See Martinez-Bonilla v. Santacruz, No. 1:26-cv-03334-DAD-JDP, 2026 WL 1346685, at *4 (E.D. Cal. May 14, 2026). There, Magistrate Judge Peterson recommended the petitioner be provided "the typical remedy of release . . . because the government has not provided lawful justification for petitioner's detention," a bond hearing is "constitutionally insufficient," and "respondents do not argue that petitioner is a danger to the community or a flight risk." Id. (internal citations omitted). There, as here, the petitioner had never been detained by immigration authorities prior to the instant detention and the petitioner had a prior misdemeanor conviction. See id. The recommendation was adopted in full by Judge Drozd. See Martinez-Bonilla v. Santacruz, No. 1:26-CV-03334-DAD-JDP (HC), 2026 WL 1494002 (E.D. Cal. May 28, 2026). Following the reasoning set forth

6

in Martinez-Bonilla, the undersigned will recommend Respondent be ordered to immediately release Petitioner.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.   It is RECOMMENDED that the amended petition for writ of habeas corpus, ECF No.8, be GRANTED as to Petitioner's claim his detention violates the INA;

2.   It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner, A-221-486-285, with appropriate conditions of supervision with all Petitioner's documents and possessions;

3.   It is RECOMMENDED that Respondents be ORDERED to file a notice of compliance within three (3) days of the District Judge's order;

4.   It is RECOMMENDED that Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE